UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:10CR389 |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| vs. ) | |
| ) | OPINION AND ORDER |
| SAMIR MOHAMMAD, et al., ) | |
| DEFENDANTS. ) | |

The defendants in this case, Samir Mohammad and Hamdi "Sam" Qasem, have filed separate motions (Doc. Nos. 80 & 86, respectively) to dismiss Count 1 of the second superseding indictment ("Indictment"). The government has responded in opposition to both defendants' motions. (Doc. Nos. 93 & 97, respectively.) Count 1 charges the defendants with violation of the conspiracy provision of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, codified at 18 U.S.C. § 1962(d). Both defendants contend that the five-year limitations period applicable to this Count has expired. *See* 18 U.S.C. § 3282(a).

Count 1 of the Indictment alleges that Mohammad and Qasem participated in the alleged RICO conspiracy "[b]eginning in or around 1998 and continuing to in or around December 2008." (Doc. No. 30 at ¶ 24.) The Indictment was returned on September 7, 2011. The Sixth Circuit "has held that a RICO conspiracy offense is complete, for purposes of determining when the five-year statutory periods begins to run,

'when the purposes of the conspiracy have either been accomplished or abandoned.'" *United States v. Saadey*, 393 F.3d 669, 677 (6th Cir. 2005) (quoting *United States v. Tocco*, 200 F.3d 401, 425 n.9 (6th Cir. 2000)). "[T]he statute of limitations is satisfied if the government 'alleges and proves that the conspiracy continued into the limitations period.'" *United States v. Hohn*, 293 F. App'x 395, 397 (citing *United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003)). The Indictment alleges as much, and at trial, it will be up to the jury to determine whether the government has proved as much. But for now, the statute of limitations requirement is met.

It is also worth noting that, contrary to defendants' intimations (*see* Doc. No. 80 at 2; Doc. No. 86 at 2), the fact that Count 1 does not lay out specific overt acts done in furtherance of the conspiracy and within the limitations period does not affect the outcome here. In a RICO conspiracy case, the government is not required to prove that any overt act was actually committed. *Saadey*, 393 F.3d at 677. There is thus no need to allege specific overt acts as part of the Indictment.[1] *See United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991); *United States v. Dimora*, No. 1:10CR387, 2011 WL 5361115 at *8 (N.D. Ohio October 28, 2011).

For these reasons, defendants' motions (Doc. Nos. 80 & 86) are **DENIED**.

**IT IS SO ORDERED**.

Dated: April 17, 2012

HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE

---

[1] Even though no overt acts are necessary, Counts 2 through 5 detail acts pertaining to Samir Mohammad that occurred within the limitations period and that, if true, could constitute overt acts that were part of the conspiracy in Count 1.