UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:10CR389 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| SAMIR MOHAMMAD, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Defendant Samir Mohammad has filed a motion (Doc. No. 77) to dismiss Count 4 of the second superseding indictment ("Indictment") in this case for failure to state facts sufficient to constitute a crime, namely, witness tampering in violation of 18 U.S.C. § 1512(b). The government has filed a response in opposition. (Doc. No. 90.)

Mohammad argues (1) that he did not know—and that the Indictment does not allege he knew—Gallagher (the "tampered-with" individual) was a witness and (2) that the conduct described in Count 4 was "[n]onmisleading, nonthreatening, [and] nonintimidating." (Doc. No. 77 at 3–4.) In Mohammad's view, the conduct covered by Count 4 "fail[s] to cross [the] line"—that line being the knowing use of intimidation, threats, or corrupt persuasion that is required by the statute in order to obtain a conviction. (*Id.* at 3.)

While Mohammad's arguments as to Count 4 may ultimately allow him to prevail at trial, such detailed, fact-oriented challenges are not appropriate when mounting a pre-trial attack on an indictment. Indeed, the standard that an indictment must meet in

order to be legally sufficient is relatively low. Rule 7(c) of the Federal Rules of Civil Procedure requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Civ. P. 7(c)(1). Additionally, "[a] count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means." *Id.* Also, "[f]or each count, the indictment . . . must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.*

An indictment is sufficient "if it 1) 'contains the elements of the offense charged,' (2) 'fairly informs a defendant of the charge against which he must defend' and (3) 'enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Titterington*, 374 F.3d 453, 456 (6th Cir. 2004) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Count 4 of the Indictment meets these requirements. As the government points out in its opposition, the language of Count 4 carefully tracks the statute in laying out all the elements of the offense charged. Further, by use of fairly precise dates (the alleged offense took place "[f]rom on or about October 30, 2008, through on or about December 23, 2008"), by identifying the allegedly-tampered-with witness, and by detailing some of the conversations between Mohammad and Gallagher, Count 4 of the Indictment fairly informs Mohammad of the charge against which he must defend and is sufficiently detailed to allow him to plead disposition of this charge as a bar to future prosecution for the same offense. Mohammad may believe that the case-specific facts

laid out in Count 4 do not prove that all of the elements of witness tampering under § 1512(b) were met, but such an issue of proof should be argued at trial.

For these reasons, Mohammad's motion (Doc. No. 77) to dismiss Count 4 for failure to state facts sufficient to constitute a crime is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 18, 2012

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**